GURDON CORNING v. HENRY WOODIN.

*Trial—Prejudicing jury—Tacit allowance of irregularities.*

It is error to permit the charge and verdict in an action of trover to be read in the hearing of the jury on the trial of an action of replevin between the same parties as bearing on the subject matter.

The omission to rule expressly upon objections to injurious irregularities committed at a trial, will not protect them from review; the judge's silence may be construed as allowing them against objection.

Error to Isabella. Submitted April 7. Decided April 13.

REPLEVIN. Plaintiff brings error. Reversed.

*Brown & Leaton* and *Hanchett & Stark* for plaintiff in error. It is prejudicial error to use the charge in one court before the jury in another where the same subject matter is

---

in litigation: *Scripps v. Reilly* 35 Mich. 387: 38 Mich. 15; *Brown v. Swineford* 44 Wis. 282; *Cable v. Cable* 28 Amer. 338.

*Wisner & Draper* for defendant in error.

GRAVES, J.   This case is in an awkward shape and must be briefly disposed of.   It appears that Corning brought replevin for a quantity of logs which had been cut by Woodin on Corning's land.   Neither Corning's ownership of the land, nor the fact of cutting by Woodin, was controverted. But Woodin claimed that he did the cutting under an oral sale to him by Corning, which amounted to a license.   This sale was denied by Corning, and whether one was made or not, was the important question of fact in the cause.   The evidence in regard to it was conflicting.   The jury found against the plaintiff.

In the course of the trial the defendant's counsel stated in substance before the court and jury that in a previous case of trover between the parties the question whether such a contract of sale was actually made was distinctly in issue and decided as now contended by defendant, and that the deliberate decision of the jury then made ought to settle the present case in defendant's favor, and on the close of the evidence he produced the charge delivered in the case referred to and read it to the court in the presence and hearing of the jury.

These proceedings were objected to by plaintiff's counsel, but the judge refrained from interference and remained silent.   He neither announced a ruling on the objection, nor expressed any disapprobation of the practice of defendant's counsel, and the jury must have inferred that it had the judge's approval.   No other view was possible.

The whole proceedings were improper.

It is now said that as there was no declared ruling there is no foundation for the charge of error.   No doubt it was the judge's duty to interpose without waiting to be moved thereto by plaintiff's counsel; but the objection taken was an explicit call upon him to do so, and his omission to state any opinion

cannot be set up as a bar against revision of the proceedings. Injurious irregularities at the trial cannot be protected against review in an appellate court, by the judge's refusal to make express rulings on objections properly made against them. Were it otherwise it would be in his power to stifle the right to a revision in many cases.

The proper view of the present record is to construe the judge's silence as an actual permission and allowance of what was objected to. Some attempt was made by defendant's counsel to avert the effect, but we are satisfied, on careful examination of the whole case and especially on consideration of other parts of his address to the jury, that the influence was not wholly dissipated.

As there must be a new trial on account of the practice mentioned it is hardly expedient to consider anything further. The state of facts next time may be quite different.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.