HIMENUS ADAMS, APPELLEE, v. CHARLES M. FISHER,
APPELLANT.

FILED MARCH 5, 1909. No. 15,474.

1. **Contracts: ACTIONS: INSTRUCTIONS.** In an action to recover a balance due upon a verbal contract to exchange work, which is denied, the evidence being in conflict, the court should instruct the jury, in substance, that to entitle the plaintiff to recover therefor he must show that the value of work done by him for defendant exceeded the value of work done by defendant for plaintiff.

2. **Trial: PREJUDICIAL ERROR.** In the trial of a case in the district court on appeal, it is error for counsel or the court to inform the jury of the result of the trial in the lower court, and also error for the court to reprimand opposing counsel for objecting to such conduct.

APPEAL from the district court for Logan county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Hoagland,* for appellant.

*Wilcox & Halligan, contra.*

EPPERSON, C.

Plaintiff brought this action in the county court to recover upon three items—two for pasturing defendant's cattle, and one for a balance due upon a verbal contract to exchange work in putting up hay for the defendant. Plaintiff recovered in the county court and on appeal in the district court. In the petition he alleges specifically with reference to the hay transaction that the amount claimed is due under a verbal agreement to exchange work. The evidence given in support of this allegation is that plaintiff and his employees, in pursuance to said verbal contract, assisted in cutting and stacking 102 tons of hay more for defendant than was cut and stacked for plaintiff, and that generally it was worth $1 a ton to put up hay. Plaintiff contends that, as he furnished one-half the labor,

he should recover one-half the value of putting up the 102 tons. This would be true, of course, if the labor expended upon each ton of hay was of the same value. But plaintiff introduced no evidence whatever as to the difference in value of the labor performed by his employees and those of the defendant. The defendant's evidence was, in effect, that he furnished a few days' labor less than the plaintiff, but that he furnished more horses needed, and that, upon the whole, he furnished more of value than did the plaintiff. And, again, defendant's evidence shows that a greater amount of labor was required to put up the plaintiff's hay and more time expended therein because they were required to sweep his hay further and go a greater distance to their meals, whereby it would appear that the amount of hay put up for each party did not indicate the amount of labor expended. After the testimony was concluded, and after the trial judge had read six of the ten instructions given by him, the defendant requested the court to give an instruction as follows: "The jury are instructed that, if you find from the evidence that the value of the labor and materials furnished by the defendant Fisher to the plaintiff Adams in their haying operations involved in this action equaled or exceeded the value of the labor and materials furnished by the plaintiff Adams to the defendant in the said haying operations, then the plaintiff cannot recover in this action anything on account of his claim for said haying contract." The court refused this instruction because it was not offered until after six instructions had been read, and, further, because it pertains to an issue not raised by the pleadings. Under the pleadings (and we have reference now more particularly to the plaintiff's petition) the instruction should have been given. He was not entitled to recover upon this item in the event that the labor and material furnished by the defendant were equal to or in excess of that furnished by the plaintiff to the defendant under the terms of the verbal contract sued upon. This defect was not cured by any instruction given by the court. It is true that the defendant alleged

there had been a settlement made under this verbal contract before the parties had finished putting up hay, but this did not obviate the necessity of plaintiff proving his case. It may be well to observe, however, that defendant's general denial, in view of the evidence, was sufficient to require the instruction. The request did not come too late, as a statement of the law controlling plaintiff's right to recover should have been given in the absence of a request.

In the argument to the jury the plaintiff's then counsel stated, in substance, that this case was tried in the lower court and judgment rendered there in favor of the plaintiff, and that the defendant was responsible for the case being in the district court. Defendant's counsel excepted to the above remarks, and the court then stated: "The record in this case shows that this case was tried in the lower court, and a judgment was rendered in the lower court in favor of the plaintiff and against the defendant, and that the defendant had appealed the case to this court." Counsel then excepted to the statement of the court, whereupon the court replied: "There was not a man on the jury that did not know what the judgment of the lower court was, and there is no use in your trying to keep it from them." The court, however, did instruct the jury not to consider the objectionable remarks of plaintiff's counsel. It was clearly error for the counsel to have informed the jury as to the result of the trial in the lower court, and for the court to emphasize the fact, and, in addition thereto, reprimand opposing counsel for objecting. Nor can we see that the court's instruction to the jury to disregard the statements made cured the error. In such an event the court should give positive instructions to the jury not only to disregard the improper statements of counsel, but also to totally disregard the result of the trial in the lower court in arriving at their verdict. Many other errors are assigned. We have examined all of them, and do not find it necessary to make special reference thereto.

We recommend that the judgment of the district court be reversed and this cause remanded for further proceedings.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the lower court is reversed and this cause remanded for further proceedings.

                                              REVERSED.