QUINLAN *v.* HEYBOER.

1. TRIAL—JUSTICE'S COURT—APPEAL.
    It was not a violation of the rule that the result in justice's court should not be brought to the attention of the jury on trial of an appeal, where the attorneys for plaintiff referred to the result below, indirectly, in argument to the court upon a point of law, without, however, making clear to the jury what the judgment of the justice determined.
2. NEW TRIAL—COMPROMISE AND SETTLEMENT.
    *Held*, that the verdict of the jury finding against a claimed compromise was not contrary to the weight of the evidence.

Error to Kent; McDonald, J. Submitted April 15, 1912. (Docket No. 113.) Decided July 11, 1912.

Assumpsit in justice's court by Thomas Quinlan against Adrian Heyboer for services rendered. From a judgment for plaintiff, the cause was appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Colin P. Campbell*, for appellant.

*Charles A. Watt*, for appellee.

OSTRANDER, J. Plaintiff recovered a judgment in justice's court, and, on appeal, a much larger judgment in the circuit court. Rather than submit to a new trial, plaintiff remitted $105 of the judgment. A second motion for a new trial was overruled. In this court, the defendant (appellant) presents the contentions, first, that it was error for plaintiff's counsel to make a certain argument to the court in the presence of the jury; second, that the verdict was against the weight of the evidence.

It is said that the effect of the statement of counsel objected to was to acquaint the jury with the result of the

trial in justice's court, a practice disapproved by appellate courts. See *Corning* v. *Woodin*, 46 Mich. 44 ( 8 N. W. 572); *Battishill* v. *Humphreys*, 64 Mich. 514 ( 38 N. W. 581 ); *Adams* v. *Fisher*, 83 Neb. 686 (120 N. W. 194).

The colloquy, in the course of which the statement was made, arose during the cross-examination of the plaintiff, who was interrogated with regard to having accepted a certain check from defendant in settlement of his demand. The plea of defendant was the general issue, with notice of set-off. The court excluded the testimony, and defendant asked and was given leave to amend his plea so as to give notice of accord and satisfaction. In the course of the argument, counsel for both parties made various statements concerning what took place upon the trial in justice's court. Continuing his cross-examination after the amendment of the plea, counsel for defendant sought, unsuccessfully, to prove by the witness that he had accepted the check in settlement of his demand, with the understanding that defendant should pay a certain note.

The record shows the following:

" *Mr. Watt:* If your honor please, I desire to have the same objection to all this testimony, even under their amended plea, because the bill of particulars in this case does not cover the payment of any note. They never have pleaded in this case that they paid that note; they never set that up as a part of their defense that they had ever paid the note. At the time of the trial before, they had not paid the note, and so testified, and they did not claim for it, and do not now, that it was paid.

" *Mr. Campbell:* Suit was started before the note was due in this case.

" *Mr. Watt:* But it was not tried until long after it was due.

" *Mr. Campbell:* Mr. Quinlan's own testimony on this point is that Mr. Heyboer was to pay that note. Now, Mr. Heyboer, as between him and Mr. Quinlan, is liable for the amount of that note under any circumstances whatever. Mr. Quinlan has not yet paid the note—

" *Mr. Watt:* That is none of your business.

" *Mr. Campbell:* —and the note still remains unpaid;

but, as between Mr. Quinlan and Mr. Heyboer, Mr. Heyboer is liable under Mr. Quinlan's own testimony.

"*Mr. Watt:* That would be an utter impossibility, if your honor pleases, because it is simply a verbal promise to pay the debt of another, and, as between Heyboer and Quinlan, there is nothing to it. If this was a settlement, and had been treated as a settlement, that would have been a different thing; but under the circumstances, when they went into this case, in the first place, they calculated that they would get out of paying that note, and now, when they find out the chances are they won't be able to get out of paying that note and considerable more, they make this shift in hopes that by some hocus-pocus with Thomas, who is their personal friend, they can get that note into their possession and call that a settlement, and get out of it at about $20 higher than the learned justice down in the court below saw fit to give them.

"*Mr. Campbell:* I take an exception to the remarks of counsel.

"*Mr. Watt:* You can.  Down there they did not try it—

"*The Court:* Is the note included in the bill of particulars?

"*Mr. Watt:* It was included in our bill, but when we found out on the trial that it had not been paid, and that they repudiated the settlement they now claim, we struck it out and amended our bill of particulars to that effect down there.  The situation is here, if their contention was correct now, by adding it to the bill of particulars it would have wiped out the claim that the justice found for us down there, and $20 more.

"*Mr. Campbell:* I except to that remark.

"*The Court:* Well, it is not necessary to make any statement in regard to the amount found by the justice. The jury will pass on the facts of this case independent of any verdict in the other court.  You may have an objection and exception to all that testimony.

"*Mr. Watt:* An exception."

The record does not contain the particulars of the demand of either party.  What was said by counsel does not disclose to me, and I assume it did not disclose to the jury, the result of the trial in justice's court.  And, if it conveyed more information upon the subject than it does, I am not prepared to hold that it was error to make the

statement.   Whatever facts are disclosed are in support
of an argument addressed to the court, and appear to have
been based upon the record.   Furthermore, it is not evi-
dent how the disclosure could have prejudiced the defend-
ant.

Under his second contention, appellant insists that his
testimony showed an accord and satisfaction conclusively,
or so clearly that an opposed verdict should be set aside.
It is at least questionable whether the defendant should
have been permitted to amend his plea.   Aside from this,
there was a dispute of the fact that the check was ten-
dered or was taken in settlement, and the court submitted
the question to the jury, instructing them, as requested to
do by defendant, that—

"If you find from the evidence that the defendant did
on the 18th day of May last, or on some other day prior
to the commencement of this action, give the plaintiff a
check for a certain sum therein stated, then telling him it
was in full settlement, and that the plaintiff cashed such
check and used the money, your verdict will be for the
defendant, no cause of action."

This was favorable to defendant, and the determination
of the jury is not so clearly against the weight of the evi-
dence as to justify the court in disturbing the verdict.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, and
STONE, JJ., concurred.   BLAIR and BIRD, JJ., did not
sit.