## Jones v. State.

### Opinion delivered November 17, 1924.

1. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to support a verdict that defendant was guilty of, or interested in, the manufacture of intoxicating liquors.

2. CRIMINAL LAW—REMARKS OF COURT.—Where defendant's counsel offered to make certain admissions "in order to facilitate this matter," a remark of the court, "Yes, facilitate like a crawfish does, backwards," was erroneous and prejudicial.

3. JURY—PEREMPTORY CHALLENGE—TIME OF EXERCISE.—Where, after a juror has been accepted by both parties, but, before the jury is completed, defendant asked that he be permitted to challenge such juror peremptorily, because he had discovered that he would not be competent, the court did not abuse its discretion in refusing, in the absence of any statement of some fact or circumstance which caused the defendant to believe the jurors were not acceptable.

4. INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for the unlawful sale of liquors, testimony concerning the offer of defendant to sell a half-pint of liquor, was admissible, as this tended to show the business in which defendant was engaged.

5. INTOXICATING LIQUORS—AIDING IN MANUFACTURE—INSTRUCTION.—In a prosecution for manufacturing liquor, an instruction that defendant was guilty if he was present while a still was in operation, aiding, abetting or assisting in the operation, was correct.

6. INTOXICATING LIQUORS—INSTRUCTION.—Since defendant would be guilty if he aided or assisted in the manufacture of intoxicating

liquors, a requested instruction that he could not be convicted unless the jury found that he was engaged in making such liquors was properly refused.

7.  CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Requested instructions which, in so far as they correctly declared the law, were covered by instructions given by the court were properly refused.

Appeal from Lee Circuit Court; *E. D. Robertson,* Judge; reversed.

*J. S. Utley,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J.   Appellant was convicted under an indictment which charged that he had manufactured and was interested in the manufacture of intoxicating liquors.

Officers of the law testified that they had been advised that a still was in operation on an island in the L'Anguille River, and they went in search of it. Their search was aided by an ascending smoke which they saw through the trees and the sound of some one cutting wood, and they came upon a still which had only recently been in operation. The still was complete, except that some one had carried off the worm. The officers had separated in their search, and the two who first found the still saw two men leaving the place, and one of the officers positively identified one of the men as appellant, and the other officer testified that one of the men he saw leaving limped like appellant did when he walked.

The State was proceeding to prove other circumstances identifying appellant as one of the men seen at the still, when the following colloquy occurred between the court and counsel for appellant, which we copy from the record:

"COUNSEL: In order to facilitate this matter, I am willing to admit that this man was down there, that his horse was there, and— COURT: The motion is overruled. COUNSEL: I am just trying to facilitate matters. COURT: Yes, facilitate like a crawfish does, backwards. COUNSEL: I object to the remark of the court. COURT: Yes, I understand it. COUNSEL: All in the world I want, in my humble way, is to defend this man the best I can,

and I have a right to get these things in the record." To which said remarks in the presence of the jury counsel for defendant objected, which said objections were by the court overruled; to which ruling of the court defendant at the time excepted, and caused said exceptions to be noted of record."

Appellant testified in his own behalf, and admitted his presence at the still, but explained that he was looking for a cow, and that he had heard there was a still located near his house, and he decided that he would find that too, if he could, for the purpose of reporting it to the officers.

The two officers who saw appellant at the still did not offer to arrest him at the time, as they decided to wait until the sheriff with another officer came up, but, after waiting about five minutes for these officers, they went up to the still, and the men they had seen there were gone.

After making the remarks quoted above, the court permitted the witnesses to detail what they had seen; that appellant's horse was hitched to a tree near the still, and a boat was found on the island side of the river bank, where the still was; that some whiskey had been poured on the ground, which burned when a match was applied to it, and that the fire had been recently scattered and water poured on it. The island was a small body of land, and no other persons were seen near the still except appellant and the man who was seen with him.

Appellant admitted that he was the man seen at the still, and that his brother was with him; but he stated that his brother was assisting in the search; and he also admitted that they turned over one of the barrels, but he said they did this to destroy its contents. Appellant also admitted that he carried away from the still a spade, but he said he did this because the spade had been stolen from his home, and, as he recognized it, he took it away with him.

Before the jury was completed, appellant asked to be allowed to challenge two jurors who had been accepted.

His attorney said: "If the court please, since accepting V. O. Turner and H. B. Shumacker as jurors in this case, and before the jury is completed, the defendant now discovers reasons to believe that the said V. O. Turner and H. B. Shumacker would not be competent jurors, and therefore asks permission to exercise a peremptory challenge on the said jurors." The court ruled as follows: "It will be refused, for the reason that no cause is given, and for the further reason that the court announced at the beginning of the term to attorneys that, at the time the jury was being made up, counsel both for the State and the defendant must at the time accept or reject jurors." An exception was duly saved to this ruling.

Over appellant's objection the State was permitted to prove that two officers were watching appellant some time after the discovery of the still, and they saw some negroes drive down the road in an automobile, and the officers heard a conversation between appellant and the negroes about the purchase of a half-pint of whiskey, which appellant agreed to sell for a half-dollar. The officers thought the sale had been made, and they came out of their hiding place and arrested appellant, but, after searching him and the car, they failed to find any whiskey.

Exceptions were also saved to action of the court in giving and in refusing to give certain instructions.

Appellant was found guilty, and has appealed.

We think the testimony set out above was legally sufficient to support the finding that appellant was guilty as charged. The jury evidently did not accept as true the explanation made by appellant concerning his presence and purpose at the still.

But we are also of the opinion that the remark of the court about appellant backing out like a crawfish was erroneous and prejudicial. It tended to discredit his explanation. He was not guilty if his explanation was true, and its truth was wholly for the jury, and the court should have permitted the jury to consider and pass upon

this question uninfluenced by any comment of the court tending to discredit his explanation.

It is the opinion of the majority that no error was committed in refusing to allow appellant to challenge peremptorily the two jurors who had been accepted. This question was recently considered in the case of *Brust* v. *State,* 153 Ark. 348, and we there quoted from the case of *Allen* v. *State,* 70 Ark. 337, as follows: "Under the statutes of this State persons summoned as jurors, when called to serve in criminal cases, may be examined under oath touching their qualifications. As each one. is called, he is first examined by the State, and then by the defendant, and, after each examination is completed, if the juror is found by the court to be competent, the State shall challenge him peremptorily or accept him; if accepted by the State, the defendant shall challenge him peremptorily or accept him. *Lackey* v. *State,* 67 Ark. 416. Each party must challenge or accept in the order named when the court declares him competent. After he is accepted by both parties, he cannot be challenged peremptorily, without permission. The court, for good cause, may permit the challenge to be made at any time before the jury is completed. Sand. & H. Dig., §§ 2202-2217."

It is the opinion of the majority that appellant should have stated to the court the reason why he desired to challenge the jurors, after having accepted them, and that it was not sufficient to state merely that he had discovered reasons for believing that the jurors would not be competent. The court has a discretion in these matters, and a reversal will be ordered only where an abuse of this discretion is shown, and no abuse is shown when the accused fails to apprise the court of some fact or circumstance which has caused him to believe that an accepted juror is not acceptable. Where this is not done the court cannot know that appellant is not acting capriciously.

It is the opinion of the writer, however, that a good cause is shown when the court is advised that appellant

has concluded that the juror is not competent or acceptable, even though he does not state the reasons for this conclusion, as the question at issue is the right to exercise a peremptory challenge given him by the law.

We think no error was committed in admitting testimony in regard to the sale of a half-pint of liquor, as this testimony tended to show the business in which appellant was engaged; that he had whiskey to sell, and therefore has some probative value to show his connection with the liquor which had, only a short time before, been manufactured on an island in the river. *Lowery* v. *State,* 135 Ark. 159; *McMillar* v. *State,* 162 Ark. 45; *Morris* v. *State,* 165 Ark. 452.

We find no error in giving or in refusing to give instructions. The instructions were to the effect that the State was not required to show that appellant owned the still, or would have owned the manufactured product; but that it was necessary to show, and would have been sufficient, if shown, that appellant was present while the still was in operation, aiding, abetting or assisting in its operation.

Appellant asked an instruction to the effect that he could not be convicted unless the jury found that he was engaged in making liquor. The State was not required to show that this was his employment, or that he had previously made whiskey. As we have said, the State was not required to show that he owned the still, or would have owned the manufactured product. It was only necessary for the jury to find that he was present, aiding, abetting or assisting in making the liquor, and the court so instructed the jury.

Other instructions requested by appellant, in so far as they correctly declared the law, were covered by instructions given.

No error appears in giving or in refusing to give instructions, but the judgment must be reversed for the comment of the court, set out above.

HART and HUMPHREYS, JJ., dissent.