WILBURN DAVIS v. STATE OF ARKANSAS

5196                                            411 S. W. 2d 531

Opinion delivered February 27, 1967
[Supplemental opinion on rehearing.]
[Original opinion delivered Dec. 12, 1966, 241 Ark. 646.]

Sam Montgomery, for appellant.

*Bruce Bennett,* Attorney General; *H. Clay Robinson,* Asst. Atty. Gen., for appellee.

Conley Byrd, Justice. The appellant, Wilburn Davis, was convicted by a jury of the crime of false pretense, Ark. Stat. Ann. § 41-1901 (Repl. 1964). The judgment was affirmed by this court on December 12, 1966, *Davis* v. *State,* 241 Ark. 646. On this rehearing, we deal only with the reprimand given by the trial court to appellant's attorney before the jury for having talked with the prosecuting witness during the noon hour.

The record shows that Mr. Sam Montgomery, attorney for appellant, had talked to Mrs. Scott-Tucker during a noon recess of the trial, and on cross-examination he was asking her about the conversation when the presiding judge, on his own motion, said:

> "I don't know what you were doing talking to the State's witness, during the noon hour. Did you have Mr. Coxey's permission—.* * * You are supposed to ask the other side's permission. You should tell the other side if you are going to talk to their witnesses.
>
> "MR. MONTGOMERY: I presumed he saw me there and I didn't know there was any rules.
>
> "THE COURT: I don't know anything about this procedure, but that is the customary procedure in this area. If you are going to talk to their witnesses and they don't object, why, you can go ahead.
>
> "MR. MONTGOMERY: I think you can talk to any witness if you can get the truth of the matter.
>
> "THE COURT: I will see about that. Go ahead. You've got to have some regulations."

In this, the court was in error. Section 39 of the Canons of Professional Ethics, adopted by this court, provides as follows:

> "A lawyer may properly interview any witness or

prospective witness for the opposing side in any civil or criminal action without the consent of op-posing counsel or party. In doing so, however, he should scrupulously avoid any suggestion calculated to induce the witness to suppress or deviate from the truth, or in any degree to affect his free and untrammeled conduct when appearing at the trial or on the witness stand.''

We had before us, in *McAlister* v. *State,* 206 Ark. 998, 178 S. W. 2d 67 (1944), an unmerited rebuke of counsel in the presence of a jury, and we there held that remarks of the trial court which could be construed as a reflection upon counsel's knowledge and skill as a lawyer and as a suggestion that counsel was guilty of improper conduct constituted prejudicial error. In so holding, we said:

''Although it may be assumed that the trial judge did not intend that his remarks should in any way prejudice the rights of appellant, or influence the jury, still his choice of words was unfortunate. The words to grant your motion 'would just be silly' doubtless was construed by the jury to mean that the motion itself was silly, and they could have gathered the impression that the court was inten-tionally belittling it, and holding counsel up to ridi-cule for having made it. Viewed in this light, the court's remarks could have been construed as a re-flection upon counsel's knowledge and skill as a lawyer, and, perhaps, even as a suggestion that counsel was guilty of improper conduct. Not only this, but when counsel objected to the remarks of the court, which he unquestionably had a right to do, he was informed that the court would not 'put up with any more of this foolishness.' This consti-tuted an unmerited reprimand and prejudicial er-ror calling for reversal. In the case of *Adams* v. *Fisher,* 83 Neb. 686, 120 N. W. 194, it was held that

> it is prejudicial error for the court to reprimand counsel for interposing a proper objection."

When we consider that justice ought not only to be fair, but *appear to be fair,* we find that the rebuke given to counsel here is prejudicial error. To the same effect see *Jones* v. *State,* 166 Ark. 290, 265 S. W. 974 (1924).

Nothing said herein is intended to any way limit the right of a trial court to discipline lawyers or witnesses. However, it would appear that in most instances the better practice, except in extreme cases, would require the trial court to do so out of the presence of the jury.

Reversed and remanded.

Harris, C. J. and Fogleman, J., dissent.

John A. Fogleman, Justice, dissenting. The majority reverse this case upon a ground which I deem to be inappropriate. It is for actions of the trial judge which were in nowise prejudicial. I hope that we do not, by practice, adopt a rule that judgments may be reversed on non-prejudicial error. I see no rebuke or reprimand in the language addressed to appellant's attorney. While the court was in error as to his statements about interviewing witnesses, the trial judge admitted that he might be when he said to the attorney: "I will see about that. Go ahead, you've got to have some regulations." The judge did not discipline the attorney in any way and did not prohibit any action the attorney sought to take. After the trial judge told him to go ahead, the attorney followed up his previous examination and inquired of the witness about their noon recess conversation, without any objection, interruption or limitation. The judge's statement was a far cry from saying that he would not put up with any more of counsel's foolishness, from reprimand for interposing a proper objection, from re-

flecting upon counsel's knowledge and skill, or that he was "facilitating a trial like a crawfish does backward", as occurred in the cases cited as authority by the majority.

I am authorized to state that Harris, C. J., joins in this dissent.