Timothy Ellis McDANIEL *v.*
STATE of Arkansas

CR  84-54                                    676 S.W.2d 732

Supreme Court of Arkansas
Opinion delivered October 8, 1984
[Rehearing denied November 13, 1984.]

*Tapp Law Offices,* by *J. Sky Tapp,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Timothy McDaniel, and Jaran Gookin were initially jointly convicted of the capital murder of Thomas Farham, Jr., We reversed, holding that appellant and Gookin were entitled to separate trials because their defenses were antagonistic. *McDaniel & Gookin* v. *State,* 278 Ark. 631, 648 S.W.2d 57 (1983). Upon remand, appellant McDaniel was given a separate trial in which he was found guilty of first degree murder and sentenced to life imprisonment. We affirm. Jurisdiction is in this court under Rule 29 (1)(b).

Appellant initially contends that the trial court erred in admitting the testimony of Robert Merchant, a Hot Springs police officer. The same issue was raised in the first appeal and there we held that Merchant's testimony was admissible. That holding became the Law of the Case and we will not reexamine that holding in subsequent proceedings. *Turner* v. *State,* 251 Ark. 499, 501, 473 S.W.2d 904, 905 (1971).

In order to impeach the credibility of Merchant, the

appellant called a witness, Thomas Elliott, who testified that Merchant had previously made a different statement. The appellant then sought to introduce a prior consistent statement which had been written by Elliott. The court refused to allow the prior consistent written statement into evidence. The appellant contends the ruling was erroneous.

Under Rule 801 (d)(1), Unif. Rule of Evid., a trial judge has discretion in determining whether to admit a prior consistent statement. *See United States* v. *De Vore,* 423 F.2d 1069 (4th Cir. 1970). Here, the prior consistent written statement met neither of the criteria set out in Rule 801(d)(1) and was cumulative of the oral testimony Therefore the trial judge did not abuse his discretion in refusing its admission.

Appellant next urges that the trial court committed reversible error by refusing to grant a mistrial after a prospective juror commented that she could not forget what she had read about the case. The juror did not say what she read, just that she had read about the case and could not forget it. The statement, without more, did not rise to the level of manifest prejudice which would have mandated the granting of a mistrial. The trial judge did not abuse his considerable discretion by refusing to grant a mistrial. *See Berry* v. *State,* 278 Ark. 578, 647 S.W.2d 453 (1983).

The next point of appeal also questions the refusal of the trial court to grant a mistrial. Prior to trial, the trial court suppressed evidence of a fight between appellant and Len Morrison. At trial, Jaran Gookin testified that after the murder he and appellant were at a nightclub, the Purity. While there, Mike Brewer told them that an informant had given the details of the murder to the police. The prosecutor then asked Gookin, "Okay, so after the Purity incident did you see the defendant again?" Gookin responded that he had seen the appellant again and the prosecutor asked when. Gookin responded, "Well, that same evening McDaniels [appellant] and this man I was referring to got in a big fight right outside the

Purity." Appellant moved for a mistrial. Before going into chambers, the trial court instructed the jury "not to consider the answer for any purpose." In chambers the prosecuting attorney stated that he had no desire to ask about the fight and the judge commented that Gookin seemed anxious to give more information than was asked. Later, in front of the jury, the judge instructed Gookin to respond only to the questions asked. Defense counsel refused the court's offer to again instruct the jury not to consider the answer. Appellant argues that the refusal to grant a mistrial was an abuse of discretion. As we have often said, a mistrial is a drastic remedy and will not be resorted to unless the prejudice is so great that it cannot be removed by an admonition to the jury. *Robinson* v. *State*, 275 Ark. 473, 631 S.W.2d 294 (1982). Before Gookin volunteered the information about the fight, he had testified that on the day of the murder the appellant had: misled the victim to believe that he would pay $1,500 for a machine gun; lured the victim to a remote area in order to test fire the weapon; shot the victim in the back of the head while he was on his knees; tore out part of the victim's throat and then hung him upside down in a tree to die. It was only after such sanguinolent testimony that Gookin stated appellant had been in the fight. Under these conditions, the statement about a fight is innocuous and the slight prejudice, if any, was not so great that it was not removed by the admonition to the jury.

Appellant next argues that the conviction must be reversed because the trial judge made a disparaging remark about appellant's attorney. The colloquy at issue involved the direct examination of a detective by appellant's attorney. It is as follows:

MR. TAPP [Appellant's attorney]:

Q. Now did she make a statement about two sheets, not one?

A. Yes, sir, she did.

Q. And is it not correct she also stated that they were in the bed?

MR. CLARK [Prosecutor]: Objection, leading.

THE COURT: Sustained.

MR. TAPP CONTINUING: [Appellant's attorney] Did you ask her whether or not her brother —

MR. CLARK: [Prosecutor] — Objection, leading. Even though characterizes whether or not. It does not make an inadmissible leading question permissible, Your Honor.

THE COURT: That is correct, sir. It's sustained.

MR. TAPP: [Appellant's attorney] Your Honor, I believe the rules of evidence allow leading questions on simple matters of fact, not in truth to the matter to be asserted, and that's exactly what we're doing here. We're asking to read a statement.

THE COURT: Mr. Tapp, is it that you do not wish for the jury to believe the truth of what you're eliciting from his witness?

MR. TAPP: [Appellant's attorney] No, sir, I said, the purpose is simply to read the statement of what Mrs. Reedy said. And that is not a leading question. I'll rephrase the question, Your Honor.

THE COURT: Maybe that'll solve the problem.

A majority of the members of this court view the inquiry as an effort by the trial judge to understand the explanation which would have allowed appellant's at ney to lead his witness on direction examination. However, even if the inquiry is considered as a rebuke, it would not cause reversal.

This court has decided many cases involving remarks

by a judge to counsel. On one hand, we have consistently reversed where there was an unmerited rebuke which gave the jury the impression that counsel was being ridiculed. *Davis* v. *State,* 242 Ark. 43, 411 S.W.2d 531 (1967). Examples of unmerited rebukes which ridiculed counsel and caused reversal are: You are "facilitating a trial like a crawfish does, backwards;" *Jones* v. *State,* 166 Ark. 290, 265 S.W. 974 (1924); "To grant your motion would be just silly;" and "I am not going to put up with any more of this foolishness," *McAlister* v. *State,* 206 Ark. 998, 178 S.W.2d 67 (1944); ". . .these men here on the jury have something else to do besides listen to that," *Fuller* v. *State,* 217 Ark. 679 at 681, 232 S.W.2d 988 (1950).

On the other hand, we recognize that the trial court has the responsibility for the proper conduct of the trial and we find no reversible error where the record reveals that the trial judge was merely irritated at defense counsel's trial tactics. *Rogers* v. *State,* 257 Ark. 144, 152, 515 S.W.2d 79, 84 (1974). For example, in *Rogers, supra,* the defense counsel cross-examined a prosecutrix in such a manner that she began to cry. Defense counsel then stated that the prosecutrix needed a few minutes to get herself together. The judge responded, "Well, you got her this way. Why don't you go ahead?" The judge's inquiry in the case now before us amounted, at the most, to a showing of irritation at defense counsel's trial tactics and did not constitute an unmerited rebuke which ridiculed the attorney.

Further, where evidence of the appellant's guilt is overwhelming, as here, we have affirmed convictions in spite of the fact that remarks by the trial court were improper. *Rogers* v. *State, supra: Bates* v. *State,* 210 Ark. 1014, 198 S.W.2d 850 (1947); *Tuttle* v. *State,* 83 Ark. 379, 104 S.W. 135 (1907).

In accordance with the provisions of Ark. Stat. Ann. § 43-2725 (Repl. 1977) and Rule 11 (f) of this court, we find there are no other rulings adverse to appellant which resulted in prejudicial error.

Affirmed.

Purtle, J., and Hollingsworth, J., dissent.

John I. Purtle, Justice, dissenting. I dissent because the court ridiculed the defense attorney who was appointed to defend the appellant, commented on the evidence and failed to enforce its own ruling that the state could not bring up certain testimony.

First, the defense attorney was examining a witness when the court remarked: "Mr. Tapp, is it that you do not wish for the jury to believe the truth of what you're eliciting from this witness?" The real meaning of the remark to the jury could be stated as follows: "Mr. Tapp, this witness is telling the truth; why don't you want the jury to believe him?" This was a comment on the evidence and it cast the attorney in the light of one trying to make the jury believe a lie. That is worse than calling him a crawfish, foolish or silly. We have reversed and ordered a new trial for those comments. (See cases cited in the majority opinion).

To many, the second point of my dissent will no doubt seem nebulous. The court ruled in limine that the state could not bring out evidence of a fight. The state indeed brought out the prohibited testimony. The court admonished the jury but failed to rebuke the prosecutor. This is only the beginning of what I fear will become the general practice. Why make a ruling in limine if it is not to be enforced? Admittedly this was probably not prejudicial error in this particular case. Nevertheless, I would enforce the order on retrial because the case should be reversed on the comment by the trial court.

Hollingsworth, J., joins in this dissent.