Timothy Ellis McDANIEL, Appellant,

v.

A.L. LOCKHART, Appellee.

No. 90–2971.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided April 16, 1992.

See also, 278 Ark. 631, 648 S.W.2d 57; 283 Ark. 352, 676 S.W.2d 732.

Ray E. Hartenstein, Little Rock, Ark., argued (Ray E. Hartenstein and J. Blake Hendrix, on the brief), for appellant.

Kelly K. Hill, Little Rock, Ark., argued (Winston Bryant and Kelly K. Hill, on the brief), for appellee.

Before MAGILL, Circuit Judge, WELLFORD,* Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

Timothy Ellis McDaniel appeals the district court's [1] denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. McDaniel claims that the district court erred in denying his petition because (1) his conviction was obtained through the use of testimony newly discovered to be perjured, entitling him to a new trial, (2) the admission of prior bad acts testimony deprived him of a fair trial, (3) a question directed to defense counsel by the trial judge deprived him of a fair trial, and (4) the admission of his statement after his arrest to a police officer violated his Fifth Amendment rights. We have carefully reviewed the record, and affirm.

McDaniel and his co-defendant, Jaran Gookin, were arrested for the murder of Thomas Farnham. They were initially tried jointly. Both men admitted that they were present during the murder, but both claimed to have watched while the other man actually killed Farnham. The jury found that both men were present at the scene of the crime but that neither man committed the murder. The Arkansas Supreme Court reversed and remanded for separate trials because the jury verdicts indicated that the jury could not resolve the antagonistic defenses of the two men. *McDaniel v. State*, 278 Ark. 631, 648 S.W.2d 57 (1983).

On remand, Gookin pleaded guilty to second degree murder. He received a twenty-year sentence in return for his testimony against McDaniel. The state also put on two other witnesses supporting Gookin's story. McDaniel was convicted of capital murder and sentenced to life in prison. He appealed, and the conviction was affirmed by the Arkansas Supreme Court. *McDaniel v. State*, 283 Ark. 352, 676 S.W.2d 732 (1984). Subsequently, McDaniel filed a petition for writ of habeas corpus in federal district court. After two evidentiary hearings, the district court denied the petition. McDaniel now appeals to this court.

## I.

### A. Use of Perjured Testimony

■ McDaniel claims that he is entitled to a new trial because Gookin perjured himself at trial. On January 13, 1985, Gookin executed a sworn affidavit recanting his trial testimony and stating that he, not McDaniel, killed Farnham. The affidavit was introduced at the habeas evidentiary hearing. Gookin, however, testified at the evidentiary hearing that McDaniel was, in fact, the murderer and that McDaniel had coerced him into signing the affidavit.

In addition, McDaniel attempted to show that Gookin had perjured himself when he said he had not seen the murder weapon prior to the time McDaniel put it in the car after shooting Farnham. McDaniel claimed that Gookin had stolen the murder weapon from Lavinia Hopkins, one of Gookin's neighbors, prior to the murder. McDaniel argued that Hopkins' testimony would be substantial corroborating evidence of Gookin's perjury. Hopkins, however, stated that the murder weapon was not the gun stolen from her house. She also said that she had seen the two people that robbed her house and Gookin was not one of them.

The district court held that, in order to prevail, McDaniel had to prove that Gookin's testimony was perjured.[2] The district

---

* THE HONORABLE HARRY W. WELLFORD, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas.

2. The district court also held that McDaniel had to prove that the prosecution knew the testimony was perjured. McDaniel argues that this is the wrong test to apply to decide whether habe-

as relief is appropriate where a state conviction rests on perjured testimony. He relies on *Sanders v. Sullivan*, 863 F.2d 218, 224–25 (2d Cir. 1988) (state's failure to cure conviction after credible recantation of material testimony violates due process if recantation "would most likely affect the verdict"). The state contends that this circuit has not resolved this issue and the district court applied the standard we should adopt. We do not reach this issue be-

court found that he had failed in his burden of proof. The court views the recantation of testimony by a prosecution witness with suspicion. *Hall v. Lockhart,* 806 F.2d 165, 168 (8th Cir.1986). Here, Gookin not only retracted his recantation, but explained that McDaniel had coerced him into recanting his trial testimony. Hopkins' story does not show that Gookin lied in any way. We find, therefore, that the district court's finding that McDaniel failed to prove that Gookin's testimony was perjured is not erroneous.

### B. Admission of Prior Bad Acts Testimony [3]

Prior to trial, McDaniel filed a motion in limine to prevent the admission of testimony regarding a fight between McDaniel and Len Morrison. This testimony was expected to include the information that the fight resulted from Morrison's threat to tell police about the Farnham murder. The motion was granted. At trial, however, Gookin testified that McDaniel had fought with an unidentified man outside a bar subsequent to having told the man about the murder. McDaniel claims that the introduction of this testimony was "peculiarly damaging" to his right to a fair trial, thereby denying him due process. We disagree.

No due process violation exists for the admission of prior bad acts testimony unless it can be said that the testimony was "so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [defendant] of fundamental fairness." *Hobbs v. Lockhart,* 791 F.2d 125, 128 (8th Cir.1986). To decide this, we must review the totality of the facts in the case and the fairness of the whole trial. *Id.* The testimony in this case did not include the damaging evidence that Morrison had threatened to tell police about the murder. In fact, no explanation was given

for the fight. The mere fact that McDaniel had told Morrison about the murder was not damaging to his defense because he had already admitted he was present when Farnham was killed. The trial court instructed the jury to disregard the testimony about the fight. McDaniel has not shown that this testimony conspicuously prejudiced him.

### C. Question to Defense Counsel by Trial Judge

McDaniel claims that a question addressed to his counsel by the trial judge during counsel's examination of a witness was so prejudicial as to deny him the right to a fair trial. During direct examination of a witness McDaniel had called to impeach another witness, McDaniel's counsel continuously asked leading questions. In response to the state's objection, counsel indicated that he was not offering the testimony for the truth of the matter, and therefore he could ask leading questions. The trial judge then asked, "[I]s it that you do not wish for the jury to believe the truth of what you're eliciting from this witness?" The Arkansas Supreme Court found that the trial judge's question, rather than being prejudicial, was a legitimate effort "to understand the explanation which would have allowed [McDaniel's] attorney to lead his witness on direct examination." *McDaniel v. Arkansas,* 283 Ark. 352, 356, 676 S.W.2d 732, 735 (1984). The state court's finding of fact is subject to a presumption of correctness unless it is not fairly supported by the record. 28 U.S.C. § 2254(d). We have examined the record carefully. The state court's determination is more than adequately supported by the record.

### D. Admission of Statement to Police Officer

McDaniel claims that a police officer should not have been allowed to testify to

cause we find that McDaniel has failed to prove that Gookin perjured himself at trial.

**3.** The appellant has not included the district court's findings of fact and conclusions of law with regard to the issues in Parts B and C of this opinion in the record to this court. These issues

were addressed separately from the issues in Parts A and D. Therefore, although we do not discuss the specifics of the district court's findings, we nevertheless find that there are ample bases to deny McDaniel's claims and affirm the district court's denial of the writ.

statements McDaniel made to him after the arrest. McDaniel argues that the admission of these statements at trial violated his Fifth Amendment rights because he was not granted a hearing before the trial to determine the voluntariness of the statements.

The district court held that McDaniel was not entitled to a voluntariness hearing at this trial because the trial judge at the first trial had held a hearing and determined that the statements were voluntary and admissible. The district court further found that the record clearly supports the first trial court's finding that the statements were unsolicited custodial statements. After reviewing the record, we find that the district court's findings are clearly correct.

### II.

Because we find that McDaniel's constitutional rights were not violated, we affirm the district court's denial of habeas relief.