SLIP OPINION

Cite as 2015 Ark. 229

# SUPREME COURT OF ARKANSAS

No. CR-14-962

| | |
|---|---|
| TIMOTHY ELLIS McDANIEL | **Opinion Delivered** May 21, 2015 |
| APPELLANT | |
| V. | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-81-135] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 1982, Timothy Ellis McDaniel and a co-defendant, Jaran Gookin, were found guilty by a jury of capital murder. In 1983, this court reversed and remanded for separate trials. *McDaniel v. State*, 278 Ark. 631, 648 S.W.2d 57 (1983). Gookin subsequently entered a plea of guilty to second-degree murder and testified for the prosecution at McDaniel's retrial. McDaniel was found guilty of first-degree murder and sentenced to life imprisonment. We affirmed. *McDaniel v. State*, 283 Ark. 352, 676 S.W.2d 732 (1984).

In 2014, McDaniel filed in the trial court a pro se petition to proceed in forma pauperis and a petition for production of transcripts. The transcripts he desired were the transcripts of the proceeding in which Gookin entered his guilty plea. McDaniel contended that, when Gookin entered his plea of guilty to second-degree murder, Gookin admitted killing the victim and that the admission constituted exculpatory evidence withheld by the State. The trial court held that McDaniel had not stated a ground to proceed in forma pauperis and denied the request to receive the transcripts without paying a fee for the copy. McDaniel brings this

appeal.

McDaniel argues on appeal that the trial court erred in denying his motion to proceed in forma pauperis because he stated good cause, pursuant to Arkansas Rule of Civil Procedure 72 (2014), for the request to receive the transcripts of the Gookin proceeding at public expense. He contends in the brief that he anticipates filing a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. McDaniel alleges that the transcripts are needed to show that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by concealing the exculpatory evidence that the State had accused Gookin at the plea hearing with murdering the victim and then accused McDaniel of the offense at trial. He asserts that he could have impeached Gookin when Gookin testified against him at trial if he had known that the State put on evidence at the plea hearing of Gookin's having killed the victim. McDaniel did not offer any factual support for the claim that the State withheld the information concerning the plea from the defense at the time of trial.

We first note that McDaniel did not state in either the request to proceed in forma pauperis or in the request for a copy of the transcripts of Gookin's plea hearing that he intended to use the transcripts as a basis for a coram-nobis petition. An appellant is limited to the scope and nature of his arguments made below, and we consider only those arguments that were considered by the trial court in rendering its ruling. *Woodruff v. State*, 313 Ark. 585, 856 S.W.2d 299 (1993).

Specifically, as the foundation of his request for the transcripts, McDaniel argued to the trial court that "the factual basis of Gookin's plea is exculpatory evidence to prove Gookin,

SLIP OPINION

and not McDaniel, admitted to killing [the victim]." As the basis for his request to proceed in forma pauperis before the trial court, he did not establish a colorable cause of action as required by Civil Procedure Rule 72.[1] He merely stated in a conclusory fashion that he is indigent, that he believes that he is entitled to relief, and that the request is not brought for a frivolous or malicious purpose.

It is well settled that indigency alone does not require a trial court to provide a petitioner with free photocopying. *Meek v. State*, 2013 Ark. 314 (per curiam). To be entitled to a copy of a transcript at public expense, a convicted defendant must show a compelling need for the transcript to support an allegation contained in a timely petition for postconviction relief. *See Anthony v. State*, 2014 Ark. 195 (per curiam). Here, McDaniel made no showing that there was a particular postconviction remedy available to him. Even if the mention by McDaniel of the State's having withheld exculpatory evidence suggested that his intention was to proceed with a coram-nobis petition—because the concealment of exculpatory evidence from the defense, if established, is a ground for a writ of error coram nobis under *Brady*—McDaniel failed to meet his burden of demonstrating a compelling need for the transcripts to raise the claim. Accordingly, he failed to show that the transcripts should be provided to him at no cost.

Affirmed.

*Timothy Ellis McDaniel*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

---

[1]If satisfied from the facts alleged that the petitioner has a colorable cause of action, the court may by order allow the petitioner to prosecute the suit in forma pauperis. Ark. R. Civ. P. 72.