## Dennis TURNER v. STATE of Arkansas

5618                                                    473 S.W. 2d 904

Opinion delivered November 29, 1971
[Rehearing denied January 10, 1972.]

Tackett, Moore, Dowd & Harrelson and Autrey &
Weisenberger, for appellant.

Ray Thornton, Attorney General; Henry Ginger, Asst.
Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This is the second time
Dennis Turner has appealed from an order denying his
motion to dismiss an indictment for robbery of Larry
Wayne Yates. In both motions he asserted that he was
entitled to a dismissal of the indictment because he had
been acquitted of the murder of Yates while perpetrating
the very robbery with which he was charged in the in-
dictment he seeks to have dismissed. The first motion
was based upon a plea of double jeopardy and res judi-

cata. It was denied and we affirmed. *Turner* v. *State,* 248 Ark. 367, 452 S. W. 2d 317. The second motion was then filed. In it appellant also pleaded double jeopardy and res judicata. It was also denied and this appeal resulted. The majority of the court feels that the order denying the motion is an appealable order. We affirm because our decision on the prior appeal is the law of the case.

Appellant admits that the only difference in the record from that presented on the first appeal is that the complete transcript of the record of the trial on the murder charge is now before us. It is accompanied by a stipulation of the prosecuting attorney that the evidence that will be presented on the robbery charge is the identical evidence that was presented in the murder trial. Appellant argues that under the doctrine of collateral estoppel his trial for robbery after the acquittal of murder is violative of the double jeopardy provisions of the state and federal constitutions, relying upon the decision in *Ashe* v. *Swenson,* 397 U. S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970), decided seven days after our opinion on the first appeal was handed down. There the United States Supreme Court said that acquittal of Ashe of the robbery of one of six persons he was charged with having robbed simultaneously could not have been based upon anything other than a finding that Ashe had not been one of the robbers who perpetrated the crime. It then voided Ashe's conviction of the robbery of a second victim, holding that the second trial constituted double jeopardy. This holding was based upon the principle that the determination of the ultimate issue in the first trial—whether Ashe was one of the robbers—forever barred the parties, *i. e.,* the state and the defendant, from ever litigating the same issue again under the doctrine of collateral estoppel.

We need not ponder over the application of the rule of *Ashe* to the facts of this case. The doctrine of "law of the case" is a fundamental essential of any system of justice which permits appeals from trial court action. Without it, termination of litigation would depend upon exhaustion either of the resources of the unsuccessful party or of the resourcefulness of his counsel. See *Porter*

v. *Doe,* 10 Ark. 186; *Miller Lumber Co.* v. *Floyd,* 169 Ark. 473, 275 S. W. 741, aff'd 273 U. S. 672, 47 S. Ct. 475, 71 L. Ed. 833 (1927). The application of the doctrine to criminal cases is well established. *Bowman* v. *State,* 93 Ark. 168, 129 S. W. 80; *Mode* v. *State,* 234 Ark. 46, 350 S. W. 2d 675, cert. denied, 370 U. S. 909, 82 S. Ct. 1255, 8 L. Ed. 2d 403 (1962). See also, *Clark* v. State, 246 Ark. 876, 440 S. W. 2d 205; *Fuller and Walton* v. *State,* 246 Ark. 704, 439 S. W. 2d 801, cert. denied, 396 U. S. 930, 90 S. Ct. 260, 24 L. Ed. 2d 228 (1969). It requires that a party assert whatever objections that he may have to any step in a proceeding in a trial court prior to appeal from an adverse ruling. A decision on appeal on any question there presented forecloses further consideration of that question in subsequent proceedings in the same case, even though the argument made or ground of objection relied upon on a second appeal is not identical with the argument made or ground asserted on the first appeal, if the new argument or objection could have been urged on the first appeal. *St. Louis Southwestern Railway Co.* v. *Jackson,* 246 Ark. 268, 438 S. W. 2d 41; *Moore, Admx.* v. *Robertson,* 244 Ark. 837, 427 S. W. 2d 796.

The rationale of *Ashe* is that "collateral estoppel" is encompassed within the ambit of double jeopardy constitutional prohibitions. See also, *De Sacia* v. *State,* 469 P. 2d 369 (Alaska 1970); *State* v. *Hite,* 3 Wash. App. 9, 472 P. 2d 600 (1970). The terms "collateral estoppel" and "res judicata" are often used interchangeably in criminal cases. *De Sacia* v. *State,* supra. The former has been considered an aspect of the latter. *Hoag* v. *New Jersey,* 356 U. S. 464, 78 S. Ct. 829, 2 L. Ed. 2d 913 (1958), reh. denied, 357 U. S. 933, 78 S. Ct. 1366, 2 L. Ed. 2d 1375 (1958). See 46 Am. Jur. 2d 565, Judgments § 397; Stone, Res Judicata in Criminal Cases, 27 Texas Law Review 231 (1948). Because "collateral estoppel" is included in both concepts relied upon by appellant in both motions, there can be no doubt that the decision on the first appeal governs this appeal as the law of the case.

The fact that *Ashe* v. *Swenson* was decided by the United States Supreme Court after our opinion was

rendered on the first appeal makes the doctrine of "law of the case" no less applicable, even if it might be under circumstances other than those existing in this case. Appellant filed a timely petition for rehearing after the *Ashe* decision based substantially on that holding. We denied that petition with full appreciation of all the implications of *Ashe*. Nor does the addition of the transcript of the record of the murder trial militate against the application of the rule. No reason appears for its not having been presented at the hearing on the first motion to dismiss.

We are aware of the decision of the United States Supreme Court in *Harris* v. *Washington*, 404 U. S. —, 92 S. Ct. 183, 30 L. Ed. 2d 212 (1971). This decision does nothing more than apply *Ashe* to a factual situation virtually identical with that in *Ashe*. That decision would not affect the application of the "law of the case."

The judgment is affirmed.