TURNER *v.* ARKANSAS

No. 71–1309.   Decided June 19, 1972

PER CURIAM.

On December 24, 1968, petitioner, one Richard Turner (no relation to petitioner), the decedent Larry Wayne Yates, and one other person were involved in a poker game, which lasted until the early hours of Christmas morning.   After he left the game, Yates was murdered and robbed, and an information filed on December 27 charged that:

> "[Petitioner] on the 25th day of December, 1968 . . . did unlawfully, wilfully, feloniously and violently take from the person of one Larry Wayne Yates . . . a sum of money in excess of $300.00 . . . forcibly and against the will of the said Larry Wayne Yates . . . and while perpetrating said crime of robbery as aforesaid, feloniously, wilfully and with malice aforethought, and with premeditation and deliberation did kill and murder one Larry Wayne Yates . . . ."

On April 24, 1969, petitioner received a general verdict of acquittal on this information.

On October 3, 1969, however, a county grand jury indicted petitioner for the robbery of Yates and alleged that petitioner

> "on the 25th day of December, 1968, in Hempstead County, Arkansas, did unlawfully take from Larry Yates by force and intimidation lawful currency in the amount of Four Hundred Dollars ($400.00) belonging to the said Larry Yates, against the peace and dignity of the State of Arkansas."

Petitioner moved to dismiss this indictment on double jeopardy and *res judicata* grounds, but the trial court denied the motion. On appeal, it was stipulated that "the murder charge, of which Defendant Dennis Turner was acquitted, and the robbery charge arose out of the same set of facts, circumstances, and the same occasion" and that "the same testimony adduced by the State of Arkansas in the murder trial will necessarily need be reintroduced in this robbery charge." A divided Arkansas Supreme Court affirmed the denial of petitioner's motion, *Turner* v. *State,* 248 Ark. 367, 452 S. W. 2d 317 (1970), holding that the only question determined at the murder trial was whether petitioner was guilty of murder. The court pointed out that under state law, murder and robbery charges could not be joined in one indictment or information and that no offense could be jointly tried with murder. Petitioner's rehearing petition, which argued the relevance of this Court's holding in *Ashe* v. *Swenson,* 397 U. S. 436 (1970), announced seven days after the Arkansas Supreme Court's decision, was denied. Petitioner then entered the complete transcript of the murder trial into the record and once again moved to dismiss the indictment on double jeopardy and *res judicata* grounds, and the trial court again denied the motion.

An amended stipulation provided that the evidence the State would present on the robbery charge would be identical with that it introduced on the murder charge. The Arkansas Supreme Court affirmed the decision of the trial court, 251 Ark. 499, 473 S. W. 2d 904 (1971), declining to consider the applicability of this Court's decision in *Ashe* v. *Swenson, supra,* because it held that its earlier decision denying petitioner relief now constituted the "law of the case."

Petitioner contends that Fifth Amendment principles of double jeopardy, see *Benton* v. *Maryland,* 395 U. S. 784 (1969), prevent his trial on the robbery indictment, because the State is collaterally estopped from relitigating those issues already determined in his favor at the murder trial, determinations that make his conviction on the robbery charge a logical impossibility. Collateral estoppel is part of the Fifth Amendment's double jeopardy guarantee, *Ashe* v. *Swenson, supra,* and it is "a matter of constitutional fact [this Court] must decide through an examination of the entire record." *Id.,* at 443. Thus, the rejection of petitioner's claim by the Arkansas Supreme Court on procedural grounds does not foreclose our inquiry on this issue.

In *Ashe,* the defendant had been tried and acquitted by a general verdict of the robbery of one member of a poker game. He was then tried and convicted of the robbery of another of the poker players. This Court reversed his conviction, concluding that "[t]he single rationally conceivable issue in dispute before the jury [in the first trial] was whether the petitioner had been one of the robbers," 397 U. S., at 445, and that, this issue once having been determined by a jury in the petitioner's favor, the State was forestalled from relitigating it.

In the present case, petitioner was not charged with robbery at the first trial, but the State has stipulated that the robbery and murder arose out of "the same set of

facts, circumstances, and the same occasion." The crucial question, therefore, is what issues a general verdict of acquittal at the murder trial resolved. The jury was instructed that it must find petitioner guilty of first-degree murder if it found that he had killed the decedent Yates either with premeditation or unintentionally during the course of a robbery. The jury's verdict thus necessarily means that it found petitioner not guilty of the killing. The State's theory, however, is that the jury might have believed that petitioner and Richard Turner robbed Yates, but that Richard actually committed the murder. This theory is belied by the actual instructions given the jury.* The trial judge charged that:

> "An accessory is one who stands by, aids, abets, or assists . . . the perpetration of the crime.

> "All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted or informed against, and punished as such." (Court's Instruction No. 13.)

Had the jury found petitioner present at the crime scene, it would have been obligated to return a verdict of guilty of murder even if it believed that he had not actually pulled the trigger. The only logical conclusion is that the jury found him not present at the scene of the murder and robbery, a finding that negates the possibility of a constitutionally valid conviction for the robbery of Yates.

---

*These instructions reflect Ark. Stat. Ann. § 41–2227 which makes accessories before the fact to first-degree murder subject to the same punishment as principals. Ark. Stat. Ann. § 41–118 abolished the distinction between principals and accessories before the fact and also provides that "all accessories before the fact shall be deemed principals and punished as such." Ark. Stat. Ann. § 41–119 defines an accessory as "he who stands by, aids, abets, or assists . . . the perpetration of the crime."

This case is thus squarely controlled by *Ashe* v. *Swenson, supra,* and must be reversed. See *Harris* v. *Washington,* 404 U. S. 55 (1971).

The writ of certiorari is granted, the decision of the Arkansas Supreme Court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE REHNQUIST joins, concurring.

Given the decision in *Ashe* v. *Swenson,* 397 U. S. 436 (1970) (see, however, my dissent in *Harris* v. *Washington,* 404 U. S. 55, 57 (1971)), I join the judgment of the Court.

THE CHIEF JUSTICE, rather than taking summary action in this case, would hear oral argument and give the matter plenary consideration.