THE STATE, EX REL. RUSSELL, APPELLANT, *v.* PERKINS, JUDGE, ET AL., APPELLEES.

(No. 72-657—Decided April 25, 1973.)

*Mr. Danny D. Johnson*, for appellant.

*Mr. Rudolph E. Battista*, prosecuting attorney, for appellees.

O'NEILL, C. J.  In principal support of his action for a writ of prohibition appellant cites the case of *Ashe* v. *Swenson* (1970), 397 U. S. 436, holding that the principle of collateral estoppel is part of the Fifth Amendment guarantee against double jeopardy, held applicable to the states, through the Fourteenth Amendment, in *Benton* v. *Maryland* (1969), 395 U. S. 784.

Ashe, with three others, was charged with seven separate offenses in the armed robbery of a group of poker players.  He was tried and acquitted of the robbery of one of the players.  Thereafter, the state brought him to trial for robbing another of the players.  This time he was convicted.  Justice Stewart, for the majority, stated, at page 446, that the question presented was "* * * simply whether, after a jury determined by its verdict that the petitioner

was not one of the robbers, the state could constitutionally hale him before a new jury to litigate that issue again.'' The Supreme Court concluded that the state could not.

In reaching that decision, however, the Supreme Court, at page 444, propounded the following:

''The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' ''

Subsequent to *Ashe*, the Supreme Court decided two cases involving collateral estoppel, applied through the Fifth and Fourteenth Amendments: *Simpson* v. *Florida* (1971), 403 U. S. 384; and *Turner* v. *Arkansas* (1972), 407 U. S. 366.

Turner was indicted separately for murder in the course of a robbery, and for robbery. He was acquitted of the murder charge. The state then tried and convicted him on the robbery charge. The Supreme Court stated, at page 369, that ''the crucial question, therefore, is what issues the general verdict of acquittal at the murder trial resolved.'' The state's theory was that the jury might have believed that petitioner and Richard Turner (no relation to petitioner) robbed Yates, but that Richard actually committed the murder. The United States Supreme Court rejected that theory, stating that the trial judge had correctly charged that '' 'all persons being present, aiding and abetting * * * in any felony, shall be deemed principal offenders * * *.' '' The Supreme Court continued: ''Had

the jury found petitioner present at the crime scene, it would have been obligated to return a verdict of guilty of murder even if it believed that he had not actually pulled the trigger.'' The Supreme Court held that ''the only logical conclusion is that the jury found him not present at the scene of the murder and robbery, a finding that negates the possibility of a constitutionally valid conviction for the robbery of Yates.''

The *Simpson* case involved a multiple robbery and separate indictments, as in *Ashe*. Simpson was first convicted, then upon retrial acquitted of murdering a store manager. He was then tried and convicted of robbing a patron. The state argued that the first conviction estopped Simpson from asserting that he was not present at the robbery. The Supreme Court rejected that argument, noting that '' 'mutuality' * * * [is] not an ingredient of the collateral estoppel rule imposed by the Fifth and Fourteenth Amendments upon the states,'' and remanded the case for further consideration under the *Ashe* principle.

Testing the present appeal in light of that principle, we note, first, that the crime involved in case No. 2209 contained elements substantially different from those contained in the crime involved in case No. 2205. Although not decisive of the question of whether the state is collaterally estopped to try the appellant in case No. 2205, the likelihood of such a result is considerably diminished. Appellant claimed that the ultimate issue obtaining in both cases is whether appellant was present at the scene of the alleged crimes. It is therefore necessary, under the *Ashe* test, to decide ''whether a rational jury [in rendering a general verdict of acquittal] could have grounded its verdict upon an issue'' in case No. 2209 other than the issue the appellant seeks to foreclose from consideration, *i. e.*, whether he was present at the scene of the crime.

In case No. 2209, as previously noted, appellant was tried for violation of R. C. 2909.01. That statute provides:

''No person shall maliciously destroy or injure property not his own.

"Whoever violates this section shall be imprisoned not less than one nor more than seven years if the value of the property destroyed, or the injury done, is one hundred dollars or more.

"If the value is less than one hundred dollars, such person shall be fined not more than five hundred dollars or imprisoned not more than thirty days, or both."

The trial court correctly charged the jury that: "Before you can find the defendant guilty you must find beyond a reasonable doubt all of the following four elements. (1) That the defendant was present at the time and place in question. (2) that the defendant in Carroll County on October 16, 1971, about 10:00 a. m. destroyed or injured a 1971 El Camino Chevrolet pickup truck of some value belonging to Ernest Bowman. (3) that such acts were done with malice as I shall define that term in a moment. (4) that the property destroyed did not belong to the defendant, James A. Russell."

The foregoing makes apparent that, in examining the record in case No. 2209, it is necessary to discover whether any of elements Nos. 2, 3 or 4 of the trial judge's charge, quoted above, could reasonably have formed the basis for the jury's verdict. If this inquiry results in a positive affirmative finding, collateral estoppel does not apply.

In relation to the issue of whether appellant was the person who destroyed or damaged the automobile, the record contains a deputy sheriff's testimony that a man wearing a blue stocking mask assisted others in overturning the car; that he later "made a throwing motion towards the rear of the car"; and that subsequently "the car began smoking." That deputy also testified that he later observed the masked man in a location away from the automobile, and recognized him as the appellant. The testimony as to the overturning of the car and the throwing motion was corroborated by another law enforcement officer, who also testified that he recognized the appellant. Upon cross-examination, both officers admitted that they saw nothing leave the masked man's hand after observing the throwing mo-

tion. The deputy sheriff also admitted that he merely saw the masked man in the vicinity of the car and never actually saw him place his hands upon it while it was being overturned.

From that testimony, it is obvious that a reasonable jury could have concluded that, although appellant was near the scene of the crime, there existed a reasonable doubt as to whether he performed any act leading to the destruction of the automobile. It is equally obvious that those acts would have no relation to a charge of violating R. C. 2901.252(B), which prohibits assaults upon law enforcement officers. Furthermore, the mere presence of appellant at the scene of the crime, without more, would not constitute him an aider and abettor. Therefore, the jury was not "obligated to return a verdict of guilty," as in the *Turner* case, *supra*.

There being a reasonable ground upon which the jury could have based its general verdict, other than that which appellant seeks to foreclose from consideration, *i. e.*, whether he was present at the scene of the crime, it is proper for the state to proceed to try appellant upon the charge of violating R. C. 2901.252(B).

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.