ON REHEARING
BOWEN W. SIMMONS, Supernumerary Circuit Judge.
There must be some affinity or relationship between two or more offenses to constitute one and the same transaction which is required to support a plea of former jeopardy or autrefois convict or acquittal. The affinity here present was the element of fear or violence alleged in the indictment charging the robbery. This element is necessary to constitute robbery. The homicide was a part of the violence here invoked by defendant to perpetrate the robbery. Hence, the robbery and the homicide were both a part of the same transaction, namely, the commission of the robbery. It is not permissible to break the transaction into component parts and convict for each.
In Yelton, supra, appellant was indicted for burglary with intent to kill and convicted therefor. Prior thereto he had been convicted of murder which followed the burglary. The burglary was committed to *337 gain entrance to the residence so he could commit the homicide. Both were one and the same transaction. The plea of former jeopardy had merit. It is to be noted that in Yelton, this Court said:
“But here the prior conviction of murder, when final, would bar the later prosecution for burglary.”
Dennis Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798.
Moreover, in addition to the constitutional prohibition against double jeopardy, we are also controlled by T. 15, § 287, Code of Alabama 1940, recompiled 1958. This section was authored by the 1923 Code Committee. 1923 Code, Vol. 4, p. 954; Wild-man, supra.
OPINION EXTENDED.
APPLICATION OVERRULED.
CATES, P. J., and TYSON and BOOK-OUT, JJ., concur.
HARRIS, J., concurs in the result.
DeCARLO, J., dissents.