674 A.2d 566

**Kenneth WHITE**

v.

**STATE of Maryland.**

**No. 1254, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

April 5, 1996.

352

Gary S. Offutt, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Thomas K. Clancy, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore and Jack B. Johnson, State's Attorney for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before BLOOM, CATHELL and DAVIS, JJ.

CATHELL, Judge.

The instant appeal presents the question of whether the determination made by a master on a Child in Need of Assistance (CINA) petition [1] may be used to bar a subsequent criminal proceeding based upon the same or similar facts and circumstances. This appeal is taken by Kenneth White from a denial of his Motion to Dismiss the criminal indictment filed against him in the Circuit Court for Prince George's County (Platt, J., presiding), charging various sexual offenses involving his minor daughter. He asks:

> Did the trial court err in denying Appellant's motion to dismiss on double jeopardy grounds?

## THE FACTS

In February of 1995, the Prince George's County Department of Social Services (DSS) petitioned the circuit court to find appellant's daughter a child in need of assistance. In the Petition, DSS officials stated, in part:

> 1. On 1–18–95 the child's father placed the child with her aunt. When the child arrived at the aunt's she had a severe sore throat; the child's father had failed to seek medical attention for the child. The child was unkemp [sic] and dirty when she arrived at the aunt's home. Prior to being placed with her aunt the child ... had been placed in numerous other homes by her father.
>
> 2. The child's aunt notice[d] a significant change in the child's behavior at the time she was placed with the aunt; the child had become withdrawn, non-verbal, and frightened. On 2–6–95 the child was examined at the Sexual Assault Center and found to have no hymen. The child has indicated that someone had touched her genital area. It is not clear who the abuser is.
>
> 3. The child's father ... has failed to pay child support to the aunt for the child's food and clothing.

---

1. *See* Md.Code (1973, 1995 Repl.Vol. & Supp.), § 3–801(r) of the Courts and Judicial Proceedings Article.

. . . .

5. The child's father is an alcohol abuser.

. . . .

7. It is contrary to the child's best interest to be returned home at this time.

The Petition was heard before the circuit court, sitting as a Juvenile Court, on May 9, 1995. The Master for Juvenile Causes recommended, *inter alia:*

that the child be found to be a child in need of assistance based on the following findings of fact: The allegations in the petition are unrefuted and are sustained. Father neither admits nor denies the allegations but does not oppose the CINA finding.

Immediately underneath this recommendation, the master made the notation, "No findings No removal," in reference to appellant's reunion with his daughter. The master further recommended: "Mr. White is to be evaluated as a sexual offender," and, "Kenneth White is to undergo a substance abuse evaluation." Immediately following these recommendations is the notation, "Both of Mr. White's evaluations are to be deferred until his criminal liability has been determined." In an Order, dated May 22, 1995, the master's recommendations were ratified and adopted by the circuit court.

On April 13, 1995, an indictment was filed against appellant, alleging that he had abused, raped, and committed other sexual offenses upon his minor daughter in violation of Maryland Code (1957, 1992 Repl.Vol.), Art. 27, §§ 35A, 463, 464B, respectively. Pending a hearing in the matter, appellant was ordered to have "no further contact" with his daughter. On August 2, 1995, appellant moved to dismiss the indictment, on the grounds that it was "barred by double jeopardy and the doctrine of collateral estoppel." Appellant alleged that,

because the State in the CINA case ... stipulated as a matter of fact that it could not establish the identity of the abuser by a preponderance of the evidence, the State [could] not [then] attempt in the subsequent criminal proceeding to

prove beyond a reasonable doubt that the abuser is in fact [appellant].

Appellant continued, stating, "Double jeopardy bars the State from prosecuting [appellant] because the State has already failed in a previous proceeding to establish that he committed any acts of sexual abuse against his daughter."

■ On August 8, 1995, the trial court denied appellant's motion. Looking to the three-pronged test of *Bowling v. State*, 298 Md. 396, 470 A.2d 797 (1984), and our decision in *Lee v. State*, 62 Md.App. 341, 489 A.2d 87 (1985), the court found that "the allegation in the petition which was eventually adopted by this Court as a finding of fact, was not the basis of the CINA decision and therefore the criminal proceeding is not barred by double jeopardy." Based upon the master's deferral of appellant's recommended evaluations as a sexual offender and substance abuser, the court stated that "it is clear that the issue of the criminal agency of the defendant ... was not adjudicated or even addressed in the CINA proceeding." Appellant files this appeal of the interlocutory order [2] therefrom.

We shall affirm.

## THE LAW

■ The defense of former jeopardy is available in this State as a matter of common law, *Ferrell v. State*, 318 Md. 235, 241, 567 A.2d 937, *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990); *Bennett v. State*, 229 Md. 208, 212, 182 A.2d 815 (1962); there is no express prohibition therefor within the provisions of the Maryland Constitution, *Whittlesey v. State*, 326 Md. 502, 504 n. 1, 606 A.2d 225, *cert. denied*, 506 U.S. 894, 113 S.Ct. 269, 121 L.Ed.2d 198 (1992). Maryland common law also recognizes collateral estoppel as a form of double jeopardy. *Ford v. State*, 330 Md. 682, 719, 625

---

2. An immediate appeal lies from the denial of a motion to dismiss on double jeopardy grounds. *Pulley v. State*, 287 Md. 406, 414–15, 412 A.2d 1244 (1980); *Lee v. State*, 62 Md.App. 341, 343–44, 489 A.2d 87 (1985); *see also Parrott v. State*, 301 Md. 411, 483 A.2d 68 (1984).

A.2d 984 (1993); *see also Tabbs v. State,* 43 Md.App. 20, 21, 403 A.2d 796, *cert. denied,* 286 Md. 754 (1979) (Collateral estoppel is one of four distinct subdoctrines enveloped within the broad umbrella of double jeopardy.). Though applicable to criminal and civil causes, collateral estoppel, "[w]hen applied to criminal cases, ... acquire[s] a constitutional dimension by reason of the Double Jeopardy Clause of the Fifth Amendment, made applicable to the states as a result of *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056 [23 L.Ed.2d 707] (1969)." *Cook v. State,* 281 Md. 665, 668 n. 2, 381 A.2d 671 (citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)), *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978); *see also Turner v. Arkansas,* 407 U.S. 366, 368, 92 S.Ct. 2096, 2098, 32 L.Ed.2d 798 (1972).

 Collateral estoppel involves preclusion of a claim when the material issue has been litigated and decided in a prior suit, though that prior suit may have involved a completely different cause of action. *Myers v. State,* 57 Md.App. 325, 327, 470 A.2d 355 (1984). Thus, a second prosecution is barred "where the ultimate issues to be litigated have already been resolved in the accused's favor in a prior action even though the offenses might not otherwise be the same." *Cousins v. State,* 277 Md. 383, 388, 354 A.2d 825, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976). Indeed, the collateral estoppel form of double jeopardy is not based upon an identity of the offenses, but, rather, upon a common necessary factual component. *Apostoledes v. State,* 323 Md. 456, 463–64, 593 A.2d 1117 (1991) (involving two criminal charges).

 On review of a claim invoking the collateral estoppel aspect of double jeopardy, a court is not to be concerned with whether the trial court was right or wrong, but, rather, whether the judgment reflects a resolution of the factual elements of the offense involved. *Ford,* 330 Md. at 720, 625 A.2d 984. While the analysis "focuses on what the fact finder did find or must have found," *id.* (citing *Apostoledes,* 323 Md. at 464, 593 A.2d 1117), "the reviewing court may examine the

judge's express basis for the ruling in order to determine if the judge resolved in the defendant's favor an ultimate factual issue essential to both counts," *Apostoledes*, 323 Md. at 464, 593 A.2d 1117. In undertaking this inquiry, therefore, we examine the "substance of what occurred, not merely its procedural form." *Ford*, 330 Md. at 720, 625 A.2d 984.

## DISCUSSION

■ In resolving the instant appeal, *Bowling v. State*, *supra*, 298 Md. 396, 470 A.2d 797, and *Lee v. State*, *supra*, 62 Md.App. 341, 489 A.2d 87, are particularly instructive. In *Bowling*, the Court of Appeals held that

> the doctrine of collateral estoppel prevents the State from criminally trying the defendant on charges of sexual assault and related offenses when, in a prior civil proceeding based upon the same alleged incidents, the court dismissed the action on the ground that the State had failed to prove that the defendant had committed the acts.

298 Md. at 398, 470 A.2d 797. In that case, a CINA petition was filed with the trial court based upon statements made by Bowling's daughter, which indicated that he had engaged in sexual activity with her. Unlike the present case, the petition was based upon the allegation that Bowling was, in fact, the abuser. Testimony at the hearing on the petition was largely devoted to the occurrence *vel non* of Bowling's alleged sexual misconduct. At the conclusion of the hearing, the trial court found that it had not been "persuaded by a preponderance of the evidence that th[e] sexual abuse did, in fact, take place." *Id.* at 399, 470 A.2d 797 (emphasis omitted). In *Bowling*, the circuit court went on to dismiss the CINA petition for failure of the State to prove its case. *Id.* at 400, 470 A.2d 797. Bowling was thereafter indicted; "[t]he indictment was grounded on the identical factual allegations which formed the basis for the earlier CINA petition." *Id.* Based upon the common law doctrine of collateral estoppel and its incorporation within the double jeopardy prohibition of the Fifth Amendment, he unsuccessfully moved to dismiss same, charg-

ing that the State could not relitigate whether he had committed the alleged misconduct. After indicating that collateral estoppel principles apply to both criminal and civil proceedings, *id.* at 401, 470 A.2d 797 (citing, *inter alia, Cook, supra,* 281 Md. at 668, 381 A.2d 671), the Court of Appeals set forth a three-part test for determining when the State is precluded in a criminal proceeding from relitigating an issue resolved against it in a prior proceeding:

> First, the earlier proceeding must have ended with a final judgment or "final determination" of the issue. Second, the defendant must have been a party to both proceedings. Third, the resolution of the issue at the earlier proceeding cannot have been unnecessary or mere dicta; instead it must have been an ingredient or a basis of the decision.

*Id.* at 402, 470 A.2d 797 (citations and footnote omitted). The Court then resolved the inquiry in Bowling's favor.

The issue again received appellate attention just one year later, in *Lee v. State,* 62 Md.App. 341, 489 A.2d 87, a case facially similar to *Bowling,* but in fact quite different. There, Lee was indicted for various sexual abuse offenses involving his two minor daughters. The allegations included claims that Lee would be naked around them, that he had taken pictures of the girls as they bathed, and that he had them sit on him; the children denied that he had ever attempted to violate them sexually. 62 Md.App. at 345–46, 489 A.2d 87. Lee unsuccessfully moved to dismiss the indictment, claiming that the doctrine of collateral estoppel prevented the State from relitigating the issue of whether the abuse had occurred; a juvenile court had previously found insufficient evidence to substantiate a finding of abuse. *Id.* at 343, 489 A.2d 87.

The juvenile proceeding to which Lee referred in his motion to dismiss was a CINA proceeding. A CINA petition had been filed with the court, containing averments of "sexual abuse" and "sexual misconduct," which, in turn, formed the foundation of the criminal indictment. Indeed, evidence adduced at the CINA hearing revealed that

there never was any question as to whether [Lee] had done the things claimed by the children.... The issue before the juvenile court was whether, as a result of his having done those things and his disposition to do those things, the children fell within the statutory definition of children in need of assistance.

*Id.* at 346–47, 489 A.2d 87 (emphasis omitted). While the juvenile court found the children to be in need of assistance, it expressly refrained from determining whether Lee's actions rose to the level of sexual or child abuse as those terms are used in the criminal law. The juvenile court stated:

I was looking under 35A, 335[,] 464A, B, C, and we're talking about degrees of sexual conduct under [art.] 27. And I don't know whether the conduct of this father falls in that framework. What I believe we have here is, thus far, inappropriate behavior on the part of the father toward his daughters of a sexual nature. And that is really inappropriate. Now one of the things, whether this carried over in a criminal matter, it's a matter of intent, and at this stage we could only guess.

*Id.* at 347, 489 A.2d 87 (emphasis and footnotes omitted).

In affirming the trial court's denial of Lee's motion to dismiss, this Court applied *Bowling*'s three-part test and determined that he had not met the third prong—resolution of the issue was determinative of the outcome. Distinguishing *Bowling* and holding that the State was not collaterally estopped from prosecuting Lee, we stated: "[T]he court did *not* acquit [Lee] of the charges of child and sexual abuse. It found an *alternative basis* for granting the petition, one that did not require a finding of child or sexual abuse." *Id.* at 349, 489 A.2d 87 (some emphasis added).

We shall hold that, in the case *sub judice,* the State is not collaterally estopped from pursuing criminal charges against appellant for child sexual abuse. The trial court properly denied appellant's motion to dismiss the indictment. We explain.

 It is with the third prong of the *Bowling* test that we concern ourselves in resolving the instant appeal; appellant has met the first two prongs—there was a final determination that appellant's daughter was a CINA, and appellant was a party to the CINA proceeding, *see* Md.Code (1973, 1995 Repl.Vol. & Supp.), § 3–801(r) of the Courts and Judicial Proceedings Article (Every parent is a party to a CINA proceeding of which his or her child is the subject.). As we have stated, this third prong requires that

> the resolution of the issue at the earlier proceeding cannot have been unnecessary or mere dicta; . . . it must have been an ingredient or a basis of the decision. . . . [T]he factual issue must have been a matter "which the verdict determined." Or . . . it must have been "an issue of ultimate fact."

*Bowling,* 298 Md. at 402, 470 A.2d 797 (citation omitted). In resolving this inquiry, we do so mindful of the *Bowling* Court's admonition that the requirement ought to be approached with "realism and rationality." *Id.* (quoting *Ashe, supra,* 397 U.S. at 444, 90 S.Ct. at 1194).

Appellant avers that *Bowling* is dispositive of his claims. He maintains that

> [t]he inability of the CINA court to determine *by a preponderance of the evidence* that [he] was the abuser places [him] in exactly the same position as the petitioner in *Bowling:* an issue that was an "ingredient or basis" for the CINA court's adjudication and disposition was decided in [his] favor.

Not only is his reliance on *Bowling* misplaced, but appellant also misreads the import of the master's statements. Simply stated, a finding that appellant did (or did not) commit the abuse was not necessary to the granting of the CINA Petition—a petition that did not expressly allege that *he* was the abuser in the first instance. As appellant did not oppose the CINA finding, the master did not, nor did she need to, determine whether appellant had done the alleged acts, thereby allowing the master to grant the Petition based upon

appellant's consent alone. Furthermore, the master may have considered appellant's abuse of alcohol and his added inability to provide child support for his daughter ample reason to grant the Petition. There were, therefore, many alternative bases upon which the CINA Petition was granted, all of which did not involve a determination that appellant had, in fact, engaged in sexual conduct with his daughter.

The facts presented by the case at bar are more akin to those presented in *Lee*. There, Lee's children were found to be in need of assistance based upon a finding—*i.e.*, that he had engaged in certain conduct—separate from that determining that Lee had abused the children; the juvenile court expressly avoided determining Lee's agency in the abuse itself. By the same token, it is evident, though not as clear, in the case *sub judice*, that the master, by acknowledging that appellant's evaluation as a sexual offender would be elsewhere determined, was making no determination in that regard. In fact, she did not need to do so in order to grant the Petition because, as we have pointed out, her recommendations indicated that appellant was not opposed to the CINA finding. Presumably, appellant would not need to be evaluated as a sexual offender at the conclusion of the criminal prosecution were he found to be not guilty of the abuse. Moreover, in *Bowling*, the juvenile court found the State to have failed to prove affirmatively that Bowling committed the offenses by a preponderance of the evidence. No proof was adduced in the CINA proceeding nor was any attempt made to prove appellant's agency *vel non* in the CINA proceeding in respect to the alleged abuse in the case *sub judice*.

In sum, we hold that the trial court properly denied appellant's Motion to Dismiss the indictment. There were numerous bases upon which the CINA Petition was granted; a finding that appellant committed the alleged acts was neither made, denied, nor necessary and, under *Bowling*, the State's prosecution in the criminal action is not constitutionally prohibited.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR TRIAL.