62 A.3d 197

Valencia TUBAYA

v.

STATE of Maryland.

No. 1914, Sept. Term, 2011.

Court of Special Appeals of Maryland.

March 1, 2013.

Julia C. Schiller (Paul B. DeWolfe, Public Defender, on the brief) Baltimore, MD, for appellant.

Robert Taylor, Jr. (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: WRIGHT, MATRICCIANI, LAWRENCE F. RODOWSKY (Retired, Specially Assigned).

RODOWSKY, J.

Valencia Tubaya, the appellant, was convicted by a jury sitting in the Circuit Court for Baltimore City of two counts of second degree assault in violation of Maryland Code (2002, 2011 Cum.Supp.), § 3–203 of the Criminal Law Article (CL). She was found not guilty of carrying a dangerous weapon openly with the intent to injure in violation of CL § 4–101(c)(2). She presents one question for our review: whether the circuit court erred in denying her pretrial motion to dismiss on the ground of collateral estoppel. We find no error and, for the following reasons, we shall affirm the judgments of the circuit court.

### Facts and Proceedings

On June 27, 2011, the appellant forced her way into the home of her elderly parents, Yvonne and Francisco Tubaya. Mrs. Tubaya told the appellant to leave and threatened to call the police. The appellant approached the chair where Mrs. Tubaya was seated, placed a "sharp metal object" against Mrs. Tubaya's neck, and threatened to cut Mrs. Tubaya's dialysis tubes out of her neck. When Mr. Tubaya told the appellant to stop, the appellant approached the chair where he had been seated, grabbed him by the arm, and pushed him back in the chair. After speaking to Mr. and Mrs. Tubaya for several minutes, the appellant left the home.

Later that day, after speaking with police officers, Mrs. Tubaya and her daughter (the appellant's sister), Francesca Tubaya, filed an application for a statement of charges and a petition for a protective order in the District Court of Maryland in Baltimore City. The District Court issued an interim protective order on June 27, 2011, and temporary protective orders on June 29 and July 6, 13, 20, and 27, 2011. The District Court denied a final protective order on August 19, 2011, for lack of clear and convincing evidence.[1]

Meanwhile, the appellant's criminal case proceeded in the District Court based on Mrs. Tubaya's June 27, 2011 complaint. The appellant prayed a jury trial, and the case was transferred to the Circuit Court for Baltimore City. The appellant moved to dismiss the charges against her on the ground that the District Court's August 19, 2011 denial of a final protective order collaterally estopped the State from litigating whether the alleged assault had occurred. The court denied the motion on the ground that the State had not been a party to the protective order case. The case was tried to a jury on September 28 and 29, 2011. As we have noted, the

---

1. The record of the protective order case was not included in the record of the criminal case transmitted by the circuit court on appeal. The District Court's electronic docket entries indicate that, on August 19, 2011, a final protective order was "DENIED: NO CLEAR AND CONVINCING EVIDENCE."

jury found the appellant guilty of two counts of second degree assault and not guilty of carrying a dangerous weapon openly with the intent to injure. The court imposed concurrent suspended sentences of two years in prison and two years of supervised probation for each count of second degree assault. The appellant noted this timely appeal.

## Discussion

The appellant contends that the circuit court's denial of her motion to dismiss deprived her of her Fifth Amendment protection against double jeopardy. She maintains that the District Court's finding that there was not clear and convincing evidence to support a final protective order was a conclusive determination that no assault had taken place. She argues, relying on *Bowling v. State*, 298 Md. 396, 470 A.2d 797 (1984), that this should collaterally estop the State from litigating in a subsequent criminal trial whether the assault took place. The State responds that it cannot be collaterally estopped from pursuing criminal charges against the appellant based on the assault because it was not a party to the protective order case.

 We review this legal issue *de novo*. *See, e.g., State v. Johnson*, 367 Md. 418, 424, 788 A.2d 628, 631 (2002). Collateral estoppel is embodied in the Fifth Amendment and Maryland common law protections against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445–46, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476–77 (1970); *Odum v. State*, 412 Md. 593, 606, 989 A.2d 232, 240 (2010). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. In *Bowling*, the Court of Appeals set forth the requirements that must be met in order "for the State to be precluded in a criminal trial from relitigating an issue resolved against it at a prior proceeding":

"First, the earlier proceeding must have ended with a final judgment or 'final determination' of the issue. Second, the

defendant must have been a party to both proceedings. Third, the resolution of the issue at the earlier proceeding cannot have been unnecessary or mere dicta; instead it must have been an ingredient or a basis of the decision. As the Court put it in *Scarlett v. State*, [201 Md. 310, 318, 93 A.2d 753 (1953) ], the factual issue must have been a matter 'which the verdict determined.' Or, as stated in more recent cases, it must have been 'an issue of ultimate fact.' "

298 Md. at 402, 470 A.2d at 800 (citations and footnote omitted).

 A critical element of collateral estoppel is mutuality of parties, meaning that the parties in the earlier and later proceedings must be identical. In *Johnson*, 367 Md. 418, 788 A.2d 628, the Court stated, albeit in *dicta*, that

"the doctrine of non-mutual collateral estoppel is inappropriate in criminal cases, primarily because of the nonmutuality of the parties in the two cases. The State would otherwise be deprived of its opportunity to litigate whether a specific defendant violated the laws in question, thus undermining the government's important interest in the enforcement of its criminal laws."

*Id.* at 429–30, 788 A.2d at 635 (citation omitted). The *Johnson* Court cited *Carbaugh v. State*, 294 Md. 323, 329–30, 449 A.2d 1153, 1156–57 (1982), *overruled on other grounds by Walczak v. State*, 302 Md. 422, 426, 488 A.2d 949, 951 (1985), for the proposition that "the disposition of State's case against one defendant will not collaterally estop relitigation of a common factual issue in a subsequent prosecution of a different defendant because of the nonmutuality of the parties in the two cases." 367 Md. at 429–30, 788 A.2d at 635. *See also Bailey v. State*, 303 Md. 650, 660–61, 496 A.2d 665, 670 (1985) (rejecting collateral estoppel claim where defendant was convicted in New Jersey of receiving stolen property and convicted in Maryland, based on the same facts, of robbery with a deadly weapon, because New Jersey and Maryland were different parties).

This case presents the opposite situation of *Johnson* and *Carbaugh*, but the principle remains the same. In this case, the appellant was a party to both the protective order case and the criminal case, but the State was not a party to the protective order case. Although the State may file a petition for protection from abuse on behalf of a minor or vulnerable adult, *see* Md.Code (1984, 2006 Repl.Vol., 2011 Cum.Supp.), § 4–501(*o* )(2) of the Family Law Article (defining "petitioner" as either "a person eligible for relief" or a person who seeks relief on behalf of a minor or vulnerable adult, such as a State's Attorney or county department of social services), there is no dispute that, in this case, Mrs. Tubaya filed the petition on her own behalf. As the State was not a party to the protective order case, it had no prior opportunity to litigate whether the assault took place and thus could not be estopped from litigating that fact in the appellant's subsequent criminal case. Accordingly, the circuit court did not err in denying the appellant's motion to dismiss.

The appellant's reliance on *Bowling* and *White v. State,* 109 Md.App. 350, 674 A.2d 566 (1996), is misplaced. Both cases involved child in need of assistance (CINA) proceedings and subsequent prosecutions for sexual offenses that were based on the same facts as the CINA proceedings. Unlike a protective order proceeding, the State is ordinarily the petitioner in a CINA proceeding in the form of a county department of social services. *See* Md.Code (1974, 2006 Repl.Vol.), § 3–809 of the Courts and Judicial Proceedings Article. The State was indeed a party to the CINA proceedings discussed in *Bowling* and *White,* meaning there was mutuality of parties between the first (CINA) and second (criminal) proceedings. As such, those decisions are not applicable to the case at bar.

**JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED.**

**COSTS TO BE PAID BY THE APPELLANT.**